**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **OCTAVIOUS WILLIAMS,** | |
| *Plaintiff,* | **CIVIL ACTION NO.** |
| **v.** | **5:18-cv-00194-TES-CHW** |
| **WILCOX STATE PRISON,** | |
| *Defendant.* | |

**ORDER OF DISMISSAL**

This case is currently before the Court for preliminary screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Octavious Williams, a prisoner in Ware State Prison, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. 1]. Along with his complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. [Doc. 2]. After due consideration, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*. The Court finds, however, that Plaintiff's complaint fails to state a claim for relief. Therefore, the Court **DISMISSES** the Complaint **without prejudice** pursuant to § 1915A(b).

I.      **Motion to Proceed *In Forma Pauperis***

Any court of the United States may authorize a plaintiff to commence a civil action without prepayment of the required filing fee (*in forma pauperis*) if the plaintiff shows that he is indigent and financially unable to pay the court's fee. *See* 28 U.S.C. § 1915(a). A

prisoner wishing to proceed under § 1915 must provide the district court with both (1) an affidavit in support of his claim of indigence, and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." § 1915(a)(1)-(2).

Pursuant to this provision, Plaintiff has moved for leave to proceed without prepayment of the $350.00 filing fee, and his submissions show that he is currently unable to prepay any portion of the filing fee. The Court therefore **GRANTS** Plaintiff's motion to proceed *in forma pauperis* [Doc. 2]. Plaintiff, however, must still eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. The district court's filing fee is not refundable, regardless of the outcome of the case, and Plaintiff must therefore pay the fee in full, even if the Court dismisses Plaintiff's complaint prior to service.

For this reason, the Court **DIRECTS** the **CLERK** to forward a copy of this Order to the business manager of the facility where Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.

A. <u>Directions to Plaintiff's Custodian</u>

Because the Court granted Plaintiff leave to proceed *in forma pauperis* in the above-captioned case, the Court also hereby **ORDERS** the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, to each month cause to be remitted to the **CLERK** of this Court

twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until Plaintiff has paid the $350.00 filing fee in full. The prison account custodian shall collect and withhold the funds on a monthly basis, and shall forward the amount collected as payment towards the filing fee, provided the amount in Plaintiff's account exceeds $10.00. The custodian shall continue to collect and remit payments until the Clerk receives the entire fee, even if the Court dismisses Plaintiff's lawsuit or grants judgment against Plaintiff before Plaintiff has paid the full filing fee.

B. Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event that the State of Georgia or any county therein releases Plaintiff from custody, Plaintiff shall remain obligated to pay those installments that the income to his prisoner trust account justified while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law if Plaintiff is released from custody and fails to remit such payments. The Court may dismiss Plaintiff's complaint if he has the ability to make such payments and fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

II. **Authority & Standard for Preliminary Screening**

The Court must now conduct a preliminary review of Plaintiff's complaint. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e)

(regarding *in forma pauperis* proceedings). When performing this review, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). The Court holds *pro se* pleadings "to a less stringent standard than pleadings drafted by attorneys," and thus, the Court "liberally construe[s]" *pro se* claims. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence"

supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

### III.   Plaintiff's Complaint

In his Complaint [Doc. 1], Plaintiff alleges that Wilcox State Prison lost his trial transcript, Black's Law Dictionary, "Brady motion of discovery materials," and various personal property including a ring, some shoes, a device charger, and other items. [Doc. 1, at 5]. Plaintiff asserts that he suffered a physical injury as a result of the loss of these items, although he does not make any factual allegations with regard to how he was physically injured. [*Id.*]. The only Defendant named by Plaintiff in this action is Wilcox State Prison. [*Id.* at 1, 4]

As an initial matter, Wilcox State Prison is not an entity that is capable of being sued. In this regard, Fed. R. Civ. P. 17(b) provides that the law of the state where the court is located determines an entity's capacity to sue or be sued. Thus, Georgia law controls

this issue. The Georgia Supreme Court has explained that there are only three classes of legal entities subject to suit: "'(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue.'" *Ga. Insurers Insolvency Pool v. Elbert Cty.*, 368 S.E.2d 500, 502 (Ga. 1998) (quoting *Cravey v. SE Underwriters Ass'n*, 105 S.E.2d 497 (Ga. 1958)). Wilcox State Prison does not fall under any of these categories, and thus, is not an entity that may be sued under § 1983. *See* [*id.*].

Moreover, even if the Wilcox State Prison was an entity capable of being sued, Plaintiff has not stated a claim on which relief may be based. In this regard, it seems that Plaintiff is attempting to state either a First Amendment claim for a denial of his right of access to the courts or a Fourteenth Amendment Claim for a denial of due process.

As to a right of access claim, a plaintiff seeking to state such a claim must allege that the defendant denied him access to the courts and that the denial of access resulted in an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). Moreover, the injury must relate to prospective or existing litigation, such as "being prevented from presenting claims" while "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." *Wilson v. Blankenship*, 162 F.3d 1284, 1290 & n.10 (11th Cir. 1998). Here, Plaintiff does not assert that the loss of his legal items prevented him from presenting any claims, or otherwise injured him, in the pursuit of any legal action, much less in the pursuit of one of the specified types of action. Accordingly, he has not stated a denial of access to courts claim.

With regard to a potential due process claim, a plaintiff must allege that the defendant deprived him of life, liberty, or property without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (recognizing that prisoners "may not be deprived of life, liberty, or property without due process of law"). The Due Process Clause of the Fourteenth Amendment is not offended, however, when a government official deprives an individual of his personal property if the state makes available a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Eleventh Circuit recognizes several state law remedies available to Georgia prisoners complaining of property deprivations, including a civil cause of action for wrongful conversion. *Mines v. Barber*, 610 F. App'x 838, 840 (11th Cir. 2015); *see also Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014); *Stickels v. Chief of Police, Gwinnett Cty. Police Dep't*, 279 F. App'x 790, 791 (11th Cir. 2008) (state law civil action for wrongful conversion was an adequate state post-deprivation remedy for failure of state officials to return property).

Here, Plaintiff does not allege that he attempted to avail himself of the remedies available under Georgia law, nor does he allege that these remedies are not suitable or are otherwise unavailable. Accordingly, Plaintiff has failed to state a due process claim with regard to the deprivation of his property.

### III.  Conclusion

For the reasons enumerated above, Plaintiff has not stated a claim upon which relief may be granted. Accordingly, the Court therefore **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 2] and **DISMISSES** his complaint is **without prejudice** for failure to state a claim.

**SO ORDERED**, this 28th day of June, 2018.

**S/ Tilman E. Self, III**
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**